UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

RONALEY CASTILLO,                  *
                                   *
        Plaintiff,                 *
                                   *
        v.                         *        Civil Action No. 20-11220-ADB
                                   *
SEIU 32BJ NEW ENGLAND,             *
                                   *
        Defendant.                 *
                                   *

**MEMORANDUM AND ORDER ON DEFENDANT'S MOTION
FOR A MORE DEFINITE STATEMENT**

BURROUGHS, D.J.

Presently before the Court is Defendant SEIU 32 BJ New England's ("Local 32BJ")

motion for a more definite statement.  [ECF No. 5].  Castillo did not oppose the motion.  For the

reasons set forth below, the motion, [ECF No. 5], is GRANTED and Plaintiff Ronalcy Castillo

("Castillo") is directed to file an amended complaint.

I.      **BACKGROUND**

*Pro se* plaintiff Ronalcy Castillo filed a complaint against Local 32BJ in the Trial Court

of Massachusetts, BMC Department (Small Claims Division).  On June 24, 2020, Local 32BJ

removed the case to this Court.  [ECF No. 1].

As best can be gleaned from Castillo's one-paragraph statement of claim, he asserts that

Local 32BJ, his union, failed to assist him concerning an altercation with a co-worker and a

change in employment policy.  Defendant has moved for a more definite statement under Rule

12 of the Federal Rules of Civil Procedure because the "complaint is so vague and ambiguous

that Local 32BJ is unable to frame a proper response." [ECF No. 6 at 1 (citing Fed. R. Civ. P. 12(e))].

## II.    LEGAL STANDARD

A motion for a more definite statement should be granted only if "a pleading to which a responsive pleading is allowed . . . is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e); see Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) ("If a pleading fails to specify the allegations in a manner that provides sufficient notice, a defendant can move for a more definite statement under Rule 12(e) before responding."). "Rule 12(e) motions are disfavored 'in light of the availability of pretrial discovery procedures.'" Vizcaino v. Isaac, No. 15-11565-LTS, 2016 WL 1163652, at *3 (D. Mass. Feb. 2, 2016) (quoting Cox v. Marine Mar. Acad., 122 F.R.D. 115, 116 (D. Me. 1988)). "The Federal Rules of Civil Procedure 'employ notice pleading, and, for this reason, motions for a more definite statement are not favored.'" Id. (quoting Delta Educ., Inc. v. Langlois, 719 F. Supp. 42, 50 (D.N.H. 1989)). Therefore, Rule 12(e) motions are designed to "strike at unintelligibility, rather than at lack of detail in the complaint." Cox, 122 F.R.D. at 116; Hilchey v. City of Haverhill, 233 F.R.D. 67, 69 (D. Mass. 2005).

## III.    DISCUSSION

Though *pro se* complaints should be read liberally, Haines v. Kerner, 404 U.S. 519, 520 (1972), even under a generous reading, Castillo's complaint fails to meet the minimum pleading standards under the Federal Rules of Civil Procedure. Although the Federal Rules of Civil Procedure adopt a flexible pleading policy, a complaint must give the defendant fair notice of the plaintiff's claims and must allege facts that state the elements of each claim plainly and succinctly. Fed. R. Civ. P. 8(a)(2). This means that the complaint needs to sufficiently identify

the alleged misconduct of the defendant so that it has fair notice of the nature of the claim the plaintiff is asserting and the factual grounds upon which it rests.  See Silverstrand Invs. v. AMAG Pharm., Inc., 707 F.3d 95, 101 (1st Cir. 2013).  A complaint is insufficient if it tenders 'naked assertions' devoid of 'further factual enhancements.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 557 (2007)).  "'[I]f claims are merely insinuated rather than actually articulated,' courts are not required to make determinations on them."  Colón-Fontánez v. Municipality of San Juan, 660 F.3d 17, 45 (1st Cir. 2011) (quoting McCoy v. Mass. Inst. of Tech., 950 F.2d 13, 22 (1st Cir. 1991)).

Here, the factual allegations do not meet the requirements of Rule 8(a)(2).  Fed. R. Civ. P. 8(a)(2).  Castillo's allegations appear to be an "unadorned, the—defendant—unlawfully—harmed—me accusation" which is insufficient to state a cause of action. See Iqbal, 556 U.S. at 678.  The complaint does not identify a cause of action or state the elements of the cause of action, but simply alleges that Local 32BJ misrepresented certain hiring policies and failed to investigate or provide records of an incident between Castillo and a co-worker.  In its current form, the complaint is insufficient to allow Local 32BJ to identify the specific wrongdoing.  The complaint must connect Local 32BJ to the harm Castillo accuses it of inflicting upon him. Castillo must identify with specificity the causes of action on which his claims are based. Accordingly, the Court finds the defendant's motion to be well founded and it will be granted.

With the above deficiencies in mind, and to the extent Castillo wishes to proceed, he must file an amended complaint that conforms with the requirements of the Federal Rules of Civil Procedure and this Court's Local Rules.  Any amended complaint must identify each claim, the factual basis on which the claim rests, and the relief he seeks.  To the best of his ability, Castillo's amended complaint must contain numbered paragraphs that are limited to specific

3

allegations or as close as reasonably practicable.  Fed. R. Civ. P. 10(b) (claims must be set forth

"in numbered paragraphs, each limited as far as practicable to a single set of circumstances.").

**IV.     CONCLUSION**

Accordingly, the motion for more definite statement, [ECF No. 5], is <u>GRANTED</u>.

Plaintiff must, within twenty-eight (28) days of the date of this order, file an amended complaint.

Failure to timely comply with this order will result in dismissal of this action. The Clerk shall

provide to plaintiff a blank civil complaint form with a copy of this order.

**SO ORDERED.**

September 2, 2020                                                    /s/ Allison D. Burroughs
                                                                          ALLISON D. BURROUGHS
                                                                          U.S. DISTRICT JUDGE